14-1313
*Estate of Ernest Gottdiener, et al. v. Sater and Lauria*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of May, two thousand and fifteen.

PRESENT: RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

---

ESTATE OF ERNEST GOTTDIENER, ESTATE OF JUDIT GOTTDIENER, ERVIN TAUSKY, SUAN INVESTMENTS,

*Plaintiffs-Appellants,*

-v.-                                                        No. 14-1313

FELIX SATER, SALVATORE LAURIA,

*Defendants-Appellees.*

---

FOR APPELLANTS:    FREDERICK M. OBERLANDER, The Law Offices of Frederick M. Oberlander, Montauk, NY (Richard E. Lerner, The Law Offices of Richard E. Lerner, New York, NY, *on the brief*).

FOR APPELLEES:    ROBERT S. WOLF (Robert D. Lillienstein, Jason Canales, *on the brief*), Moses & Singer, LLP, New York, NY, *for Defendant-Appellee Felix Sater.*

JOSHUA D. LISTON, Beys, Stein & Mobargha LLP, New York, NY, *for Defendant-Appellee Salvatore Lauria.*

---

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Estates of Ernest and Judit Gottdiener, Ervin Tausky, and Suan Investments ("Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York, dismissing their claims against Defendants-Appellees Felix Sater and Salvatore Lauria ("Defendants") for violations of the Racketeer Influenced and Corrupt Organizations Act

("RICO"), 18 U.S.C. §§ 1961 *et seq.*[1]  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Plaintiffs assert two claims against Defendants: a substantive RICO violation, predicated on Defendants' aiding and abetting a non-party's securities fraud, § 1962(c), and a RICO conspiracy violation, for agreeing to further the non-party's securities fraud, § 1962(d).

RICO claims predicated on securities fraud are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading standards requiring that the allegations of fraud be "state[d] with particularity."  Fed. R. Civ. P. 9(b); *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013).  To satisfy this requirement, the complaint must "specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent and plead those events which give rise to a strong inference that the defendant had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth."  *Cohen*, 711 F.3d at 359 (citing *Caputo v. Pfizer, Inc.*, 267 F.3d 181, 191 (2d Cir. 2001)) (internal quotation marks and alterations omitted).  Plaintiffs' First

---

[1] We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), construing the complaint liberally, accepting all well-pled factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

Amended Complaint, considered in conjunction with its attached exhibits, Fed. R. Civ. P. 10(c), does not sufficiently plead the securities fraud-based RICO claims, *see* Fed. R. Civ. P. 9(b).

We review a district court's denial of leave to amend the complaint for abuse of discretion. *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). Here, Plaintiffs were afforded multiple opportunities to rectify their Rule 9 pleading deficiencies. *See* Transcript of Proceedings at 7–14, *Estate of Gottdiener v. Sater*, 35 F. Supp. 3d 386 (S.D.N.Y. Mar. 19, 2014), ECF No. 14; Memo Endorsement at 2, *Estate of Gottdiener*, 35 F. Supp. 3d 386, ECF No. 23. The District Court thus did not abuse its discretion in denying Plaintiffs leave to amend the First Amended Complaint. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007); *cf. Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986).

We have considered all of Plaintiffs' remaining arguments and find them to be without merit. Accordingly, for the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
